

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 1, 1947

Hon. Jep S. Fuller
County Attorney
Jefferson County
Beaumont, Texas

Opinion No. V-117

Re: Legality of a school trus-
tee's nephew's wife being
employed as teacher in the
school under the Nepotism
Statute.

Dear Sir:

You request an opinion from this department upon the above subject matter in the following statement:

"One of the Board members of the Port Arthur Independent School District, Mr. C. T. Weatherall, has asked that I get a ruling on one of his problems to see if it is in conflict with the Nepotism laws. You may know Mr. Weatherall. He is Vice President in the First National Bank here in Port Arthur.

"He was elected to membership on the Board of Education for a three year term in April, 1946. Last Fall, probably in October or November, his nephew married one of our school teachers. This nephew is the son of his brother. Of course the nephew's wife is not related by blood in any degree. Of course this situation did not exist when Mr. Weatherall was elected to the Board, but he would like to have the matter straightened out before beginning another school year."

Article 432 of the Penal Code commonly known as the Anti-Nepotism Statute is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related

within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

The rule for determining affinity relationship was stated by this department in Opinion No. 0-7516:

". . . At common law, the term has been variously defined as the connection existing in consequence of marriage between each of the married persons and the kindred of the other; the connection formed by marriage which places the husband in the same degree to the blood relations of the wife as that in which she herself stands towards them and gives the wife the same connection with the blood relation of the husband; the relation contracted by marriage between a husband and his wife's kindred and between a wife and her husband's kindred, in contradistinction from consanguinity, or relation by blood; the relationship which arises by marriage between one of the parties and the blood relations of the other; the tie which arises from the marriage between the husband and the blood relations of the wife, and between the wife and the blood relations of the husband."

The trustee, Mr. Weatherall, is not related by blood to his nephew's wife. He is, however, related to her by affinity within the second degree because he is the blood relative of his nephew. Therefore, under the rule above pronounced, he is related by affinity to his nephew's wife within the second degree and the situation comes within the prohibition of the Nepotism Statute.

### SUMMARY

A school trustee of Port Arthur Independent School District is related by affinity within the second degree to a teacher who is his nephew's wife, within the Anti-Nepotism law -- Article 432 of the Penal Code.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED
APRIL 1, 1947

*Price Daniel*

ATTORNEY GENERAL
OF TEXAS

By

*Ocie Speer*

Ocie Speer
Assistant

OS:lh:sl